PONDER, Judge.
This is an action for rent and damages to a leased apartment. Defendant has appealed the trial court’s award.
The only issue is whether the trial court manifestly erred in granting judgment in favor of the plaintiff.
We affirm.
Defendant leased an apartment from plaintiff and made a $100.00 deposit. After living in the apartment about four months and paying rent regularly, defendant vacated the premises, well in advance of the expiration of the lease.
Plaintiff contends that the apartment was left in such condition that it cost $873.00 to repair it. Mr. Dickey Davidge, the manager of the apartments, listed the damages in a sworn affidavit. Mr. Otis Brumfield, a part time maintenance man, who testified that he saw the apartment shortly after defendant moved, essentially corroborated Davidge’s testimony.
Defendant claimed that he left the apartment with only minor damage. He testified that one of plaintiff’s employees periodically inspected the apartment and even helped him move, without indicating any dissatisfaction with the condition of the apartment. This witness was not produced at the trial, however.
The trial court did not manifestly err in accepting the testimony of plaintiff’s witnesses over that of the defendant. Canter v. Koehring Company, La., 283 So.2d 716 (1973).
Defendant argues in brief that the court should have excluded the testimony of Mr. Davidge because it was hearsay. However, Mr. Davidge said he knew the condition of the apartment from observation. The court could reasonably have believed this and concluded that his testimony was not hearsay.
We are unable to understand defendant’s argument that the lower court did not properly apply LSA-C.C. Art. 2277, which reads as follows:
“All agreements, relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
If defendant refers to the lease, it is in writing and was introduced into evidence.
The agreement to pay for damages beyond reasonable wear and tear is expressly stated therein.
Furthermore, the plaintiff’s case was supported by the testimony of two witnesses the court found credible.
The court awarded $958.00 plus $100.00 attorney’s fees. Appellant has not briefed the amount of the award and we find no error.
The judgment of the trial court is affirmed at defendant’s cost.
AFFIRMED.